BISHOP, P. J.
The line of battle on this appeal is distinctly drawn. It touches section 24243 of the Health and Safety Code, which the defendant was charged with having violated, and which reads: “A person shall not discharge from any source whatsoever such quantities of air contaminants or other material which cause injury, detriment, nuisance or annoyance to any considerable number of persons or to the public or which endanger the comfort, repose, health or safety of any such persons or the public or which cause or *882 have a natural tendency to cause injury or damage to business or property.” But, argues the defendant on this appeal from the judgment that followed its conviction, that which section 24243 condemns is virtually that declared to be a public nuisance in these words in section 370 of the Penal Code: “Anything which is injurious to health, or is indecent, or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property by an entire community or neighborhood, or by any considerable number of persons ... . ” The fact that the section first quoted describes that which the second defines as a public nuisance is significant, defendant’s argument continues, because by section 731a of the Code of Civil Procedure if one operates a plant in a commercial or manufacturing zone where expressly authorized, that which he does shall not be deemed a public nuisance unless there is proof of unnecessary or injurious methods of operation. As, admittedly, in the informal method of presenting the evidence, no such proof was made, the judgment, the defendant contends, should be reversed. Were we persuaded that section 731a of the Code of Civil Procedure has the effect contended for by the defendant, we would reverse the judgment, but we have concluded that it has no such effect for several reasons.
Section 731a of the Code of Civil Procedure reads as follows: “Whenever any city, city and county, or county shall have established zones or districts under authority of law wherein certain manufacturing or commercial uses are expressly permitted, except in an action to abate a public nuisance brought in the name of the people of the State of California, no person or persons, firm or corporation shall be enjoined or restrained by the injunctive process from the reasonable and necessary operation in any such industrial or commercial zone of any use expressly permitted therein, nor shall such use be deemed a nuisance without evidence of the employment of unnecessary and injurious methods of operation. Nothing in this act shall be deemed to apply to the regulation and working hours of canneries, fertilizing plants, refineries and other similar establishments whose operation produce offensive odors.”
This section was added to the code in 1935, (Stats. 1935, p. 1584). The title of the act by which it was added reads: “An act to add Section 731a to the Code of Civil Procedure, relating to the use of the injunction in industrial or commercial zones. ’ ’ Due to the limiting provisions of article IV, section 24, state Constitution, that “Every act shall *883 embrace but one subject, which subject shall be expressed in its title. But if any subject shall be embraced in an act which shall not be expressed in its title, such act shall be void only as to so much thereof as shall not be expressed in its title,” if section 731a would otherwise be interpreted as giving a new definition of “public nuisance,” it could not be given that effect because plainly the title of the act adding the section does not cover the matter. In the four cases relied upon by the defendant in support of its statement: “ Section 731a of the Code of Civil Procedure has been upheld in a considerable number of cases,” injunctions were sought. So far as we are aware, no court has held in any other type of case that the section had changed the statutory law.
For another reason we are convinced that the defendant is not helped by section 731a of the Code of Civil Procedure. The ease made against the defendant was that many were offended by the nauseating odors that emanated from defendant’s plant. As we read section 731a of the Code of Civil Procedure, by its concluding sentence it clearly declares that in such cases as this its limitations do not apply.
The judgment and order appealed from are affirmed.
Shaw, J.,* and Kauffman, J., concurred.

 Assigned by Chairman of Judicial Council.